IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **WALTER E. DUKE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO.: 1:17-CV-00466** |
| | * | |
| **ERIC GREGORY MOQUIN; PENSKE** | * | **Plaintiff demands trial by jury** |
| **TRUCK LEASING CO. L.P.,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

Plaintiff files the following Complaint against the above-named Defendants:

## JURISDICTION

1. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b)(2), (c)(2), and (d).

## PARTIES

3. Plaintiff, WALTER DUKE (hereinafter, "Plaintiff"), is an adult resident citizen of Santa Rosa County, Florida, and at all times material to this Complaint, resided in Gulf Breeze, Florida.

4. Defendant, ERIC MOQUIN (hereinafter, "Defendant Moquin") is an adult resident citizen of Baldwin County, Alabama, and at all times material to this Complaint, resided in Silverhill, Alabama.

5. Defendant PENSKE TRUCK LEASING CO. L.P. (hereinafter, "Defendant Penske") is a truck leasing company with its principal place of business in Berks County, Pennsylvania, and is organized under the laws of the state of Delaware.  At all times material to this Complaint,

1

Defendant Penske was the employer of Eric Moquin, the driver of the vehicle which collided with the Plaintiff.

6. This is a claim for personal injuries and damages resulting from an automobile collision which occurred in Baldwin County, Alabama on or about October 20, 2015, on Interstate 10.  On said date and at said location, Plaintiff was a driver of a motor vehicle that was struck by Defendant Moquin.

## COUNT I
## NEGLIGENCE

Plaintiff adopts and realleges against all Defendants all allegations contained in the preceding paragraphs as if fully incorporated, herein.

7. The collision and the resulting injuries and damages to Plaintiff were the direct and proximate result of the negligence of Defendant Moquin.

8. On or about October 20, 2015, at the time of the wreck at issue in this lawsuit, Defendant Moquin was acting within the line and scope of his employment as the agent, servant and/or employee of Defendant Penske.

9. Defendants are liable for the following acts of negligence, including but not limited to:

(a)     Failure to maintain proper lookout;

(b)     Failure to maintain proper control of his vehicle;

(c)     Failure to exercise reasonable care in the operation of his vehicle;

(d)     Negligent and careless failure to stop or slow his vehicle when he saw or with the exercise of reasonable care should have seen that the failure to do so would subject the Plaintiff to an unreasonable risk of harm;

(e)     Driving his vehicle in excess of the posted speed limit;

(f)     For his other acts of negligence to be shown at a hearing and/or trial of this cause.

10. As a direct and proximate result of the negligence of Defendants, the Plaintiff has suffered personal injuries and damages as follows: past and future physical injuries and pain to his body; present, past, and future medical, hospital, pharmacy, and related expenses; past and future loss of enjoyment of life; past and future mental anguish, distress, and worry; temporary and/or permanent disability and/or impairments.

WHEREFORE, Plaintiff demands general compensatory damages, plus interest and costs, against Defendants, jointly and individually, exceeding $75,000.00 against each Defendant, excluding interest and cost.

## COUNT II
## WILLFUL CONDUCT

Plaintiff adopts and realleges against all Defendants all allegations contained in the preceding paragraphs as if fully incorporated, herein.

11. The collision and the resulting injuries and damages to Plaintiff were the direct and proximate result of the wantonness of the Defendants.

12. On or about October 20, 2015, at the time of the wreck at issue in this lawsuit, Defendant Moquin was acting within the line and scope of his employment as the agent, servant and/or employee of Defendant Penske.

13. Defendants Moquin and Penske are liable for the following acts of wanton conduct, including but not limited to:

(a)     Failure to maintain proper lookout;

(b)     Failure to maintain proper control of his vehicle;

(c)     Wanton operation of his vehicle;

(d)     Wanton failure to stop or slow his vehicle when he saw or should have seen the Plaintiff;

3

(e)     The wanton act of driving his vehicle in such a manner as to show a disregard of a known danger;

(f)     For his other acts of wanton conduct to be shown at a hearing and/or trial of this cause.

14. As a direct and proximate result of the wanton conduct of Defendants, the Plaintiff has suffered personal injuries and damages as follows: past and future physical injuries and pain to his body; present, past, and future medical, hospital, pharmacy, and related expenses; past and future loss of enjoyment of life; past and future mental anguish, distress, and worry; temporary and/or permanent disability and/or impairments.

WHEREFORE, Plaintiff demands general compensatory and punitive damages, plus interest and costs, against Defendants, jointly and individually, exceeding $75,000.00 against each Defendant, excluding interest and cost.

<u>COUNT III</u>
<u>NEGLIGENT SUPERVISION AND TRAINING</u>

Plaintiff adopts and realleges against all Defendants all allegations contained in the preceding paragraphs as if fully incorporated, herein.

15. Plaintiff alleges that, at the times and places set forth hereinabove, Defendant Penske negligently supervised and/or trained Defendant Moquin.

16. As a proximate result of the above-described negligence, the Plaintiff has suffered personal injuries and damages as follows: past and future physical injuries and pain to his body; present, past, and future medical, hospital, pharmacy, and related expenses; past and future loss of enjoyment of life; past and future mental anguish, distress, and worry; temporary and/or permanent disability.

WHEREFORE, Plaintiff demands general compensatory damages, plus interest and costs, against Defendants, jointly and individually, exceeding $75,000.00 against each Defendant, excluding interest and cost.

**COUNT IV**
**WANTON SUPERVISION AND TRAINING**

Plaintiff adopts and realleges against all Defendants all allegations contained in the preceding paragraphs as if fully incorporated, herein.

17. Plaintiff alleges that, at the times and places set forth hereinabove, Defendant Penske wantonly supervised and/or trained Defendant Moquin.

18. As a proximate result of the above-described wantonness, the Plaintiff has suffered personal injuries and damages as follows: past and future physical injuries and pain to his body; present, past, and future medical, hospital, pharmacy, and related expenses; past and future loss of enjoyment of life; past and future mental anguish, distress, and worry; temporary and/or permanent disability.

WHEREFORE, Plaintiff demands general compensatory and punitive damages, plus interest and costs, against Defendants, jointly and individually, exceeding $75,000.00 against each Defendant, excluding interest and cost.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,


s/ *Edward P. Rowan*
**EDWARD P. ROWAN (ROWAE3430)**
Attorney for Plaintiff Walter E. Duke

OF COUNSEL:

Taylor Martino, PC.
P.O. Box 894
Mobile, AL 36601
Tele: (251) 433-3131
Fax: (251) 433-4207
Email: ed@taylormartino.com

## **DEFENDANT MAY BE SERVED AS FOLLOWS:**

Eric Gregory Moquin                                                                    *Via Process Server*
24187 Gemstone Drive
Loxley, AL 36551

Penske Truck Leasing Co., L.P.                                               *Via Certified Mail*
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104